David, J., dissenting. While I appreciate Justice Slaughter’s thoughtful majority opinion, ■ I must respectfully dissent. In my view, the term “employer” is clear and unambiguous. I believe its plain meaning includes the State. The first step in statutory interpretation is to determine whether the legislature has spoken clearly and unambiguously on the point in question. Sees v. Bank One, Indiana, N.A., 839 N.E.2d 154, 157 (Ind. 2005). When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. Young v. Hood’s Gardens, Inc., 24 N.E.3d 421, 424-26 (Ind. 2015) (internal quotations and citations omitted.) We presume the legislature intended logical application of the language used in the statute, so as' to avoid unjust or absurd results. State v. Evans, 810 N.E.2d 335, 337 (Ind. 2004) (internal quotation and citation omitted). Here, while “employer” is not defined in the relevant statutory section, it seems the plain and usual meaning would include the State. Black’s Law Dictionary defines employer broadly as “[a] person, company or organization for whom someone works; esp., one who controls and directs a worker under an express or implied contract of hire and who pays the worker’s salary or wages.” Black’s Law Dictionary 641 (10th ed. 2014). Certainly, • the State provides jobs that pay wages or a salary to its employees. While I agree with the majority that the legislature could have defined employer in this section to include the State, I do not believe that not including such a definition serves to exclude the State looking at the plain language .here. There is no limiting language indicating any exceptions or carve outs for the State or any other entity that has employees: Employer is not a term of art and its plain meaning is broad and easily understood. Thus, I believe that Esserman could bring, a claim pursuant to the whistleblower statute.